## A. B. BOWERS AND A. C. SWEETSER *v.* BOARD OF SUPERVISORS OF SONOMA COUNTY.

ACT FOR MAP OF SONOMA COUNTY.—The Act of the 28th of March, 1863, "to authorize the Board of Supervisors of Sonoma County to appropriate money for a map," is not mandatory on the part of the Board, but leaves the matter to its judgment.

CONSTRUCTION OF ACT.—If an Act both authorizes and empowers and makes it the duty of a Board of Supervisors to contract for a map, it will not be construed as mandatory.

APPLICATION to the Supreme Court for writ of mandate.

The Legislature passed the following Act, which was approved by the Governor, March 28th, 1863 :

" AN ACT TO AUTHORIZE THE BOARD OF SUPERVISORS OF SONOMA COUNTY TO APPROPRIATE MONEY FOR A MAP.·

" *The people of the State of California, represented in Senate and Assembly, do enact as follows:*

" SECTION 1. The Board of Supervisors of the County of Sonoma are hereby authorized and empowered, and it is hereby made their duty to contract with A. B. Bowers for the completion and publication of his map of said county, and to pay

for the same the sum of five thousand dollars, on or before the delivery to them of twenty copies of the aforesaid map.

" SEC. 2.    This Act shall take effect immediately."

The petition set forth that immediately after the passage of said Act, and in pursuance of its provisions, the petitioner, Bowers, commenced the compilation of a map, and on the 8th day of November, 1866, said map was completed and published in pursuance of said Act.    That on the 14th day of November, 1866, he tendered to said Board twenty copies of said map, and then and there demanded of said Board that they should contract with him for the publication of his map of said county for the sum of five thousand dollars, and that they should receive the said twenty copies tendered as aforesaid, and order a warrant drawn on the Treasurer of said county in favor of the said A. C. Sweetser, for said sum of five thousand dollars, in accordance with the directions and provisions of said Act, in full satisfaction and discharge of his claims and demands thereunder.    That on the 20th day of June, 1865, for a good and valuable consideration, to wit, to secure the payment of money had and received from the said A. C. Sweetser, to be laid out and expended, and which was laid out and expended on said map, he assigned his interest and claim against said county under said Act and contract to the said A. C. Sweetser, and that by reason thereof the said Sweetser became and still is interested in this proceeding and the subject matter thereof, and therefore joined him in his petition for mandamus against said Board.    A motion on behalf of the Board was made to dismiss the petition on the ground that the Act was not imperative, but was merely intended to authorize the Board to contract.

The other facts are stated in the opinion of the Court.

*Temple & Thomas*, for the Motion.

*Latimer & McCullough*, and *Moore & Alexander*, for Petitioners.

By the Court, SHAFTER, J.:

This is a petition for a mandamus commanding the defend-. ant Board to contract with Bowers for the completion and publication of a certain map of the County of Sonoma. The petition was demurred to.

It appears that the petitioner having " conceived a design of compiling and publishing a topographical map of Sonoma County," applied to the Legislature in March, 1863, for aid, and that thereupon an Act was passed entitled "An Act to authorize the Board of Supervisors to appropriate money for a map." Though the body of the Act, so far as the mere letter is concerned, is mandatory, still we are satisfied that it was not the intention of the Legislature to compel the Board of Supervisors outright " to contract " for a map, and to pay him therefor the sum of five thousand dollars. The Act contains no description of the size of the map, nor direction as to the style in which it is to be finished and put up. In view of the fact that the Board is authorized *to contract*, etc., we infer that it was the intention of the Legislature to refer the question, to some extent, at least, to the better knowledge and judgment of the local authorities. Why should the Legislature have authorized the Board to contract for a map for a given sum, if its purpose was, after all, to force a purchase *in invitum*, without the slightest reference to the judgment and free will of the county officers?

The petition and affidavit are adjudged to be insufficient, and the application is dismissed.